UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEEA MILLER, Individually and as Independent Administrator of the Estate of KACEY MILLER, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 22-cv-2029 |
| vs. ) ) ) | Judge Colleen R. Lawless |
| VERMILION COUNTY SHERIFF'S OFFICE, et al., ) ) ) ) | Magistrate Judge Karen L. McNaught |
| Defendants. ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR BILL OF COSTS

NOW COME the Defendants, COLIN OSTERBUR, BARBARA HARBACEK, and the VERMILION COUNTY SHERIFF'S OFFICE, by and through their attorneys, G. DAVID MATHUES and KALEAH M. AULT of HERVAS, CONDON & BERSANI, P.C., and pursuant to Federal Rule of Civil Procedure 54 and this Court's Judgment Order of March 31, 2025, entering summary judgment in favor of the Defendants, respectfully ask that costs be awarded in their favor in the amount of **$12,329.00.**

1. On March 31, 2025, this Court granted summary judgement in favor of the Defendants and terminated the case *en toto* (d/e 57).

2. The awarding of costs is governed by Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 has been interpreted as creating a strong presumption that a prevailing party is entitled to recover its costs. *Armstrong v. BNSF Ry. Co.*, 2016 U.S. Dist. 173199, *3 (N.D. Ill. Dec. 15, 2016). This presumption is difficult to overcome;

court should award costs unless it finds good reason for denying them. *Id.* Indeed, "[t]he presumption in favor of awarding costs is difficult to overcome, and the court must award costs unless the losing party establishes a sufficient reason to deny costs." *Carmody v. Reynolds*, 2016 WL 10789401, at *2 (C.D. Ill. Feb. 29, 2016).

3. "Sufficient reason," in this context, is generally limited to only "two reasons: (1) because the losing party is unable to pay; and (2) because the prevailing party engaged in misconduct." *Hardwick v. John & Mary E. Kirby Hosp.*, 2012 WL 1232266, at *1 (C.D. Ill. Apr. 12, 2012). Notably, "sufficient reason" to deny costs does not include that a plaintiff was alleging violations of constitutional rights or that a municipality was the defendant. This is the sort of exception that could swallow the rule. *See, e.g., Bonds v. Fizer*, 69 F. Supp. 3d 799, 808-09 (N.D. Ill. 2014) (awarding costs to Chicago police officers and citing a half-dozen civil rights cases where costs were awarded to prevailing defendants); *Ochana v. Flores*, 206 F. Supp. 2d 941, 944 (N.D. Ill. 2002) (rejecting argument that costs should not be awarded when defendants, Chicago police officers, prevailed in civil rights case).

4. A prevailing party is the party who prevails as to a substantial part of the litigation. *Hugunin v. Land O'Lakes, Inc.*, 2015 U.S. Dist. LEXIS 187797, at *5 (N.D. Ill. Nov. 9, 2015). In this case there is no question that the Defendants "prevailed" in the litigation as summary judgment was granted in their favor. *See Hoeller v. Eaton Corp.*, 149 F.3d 621, 625-26 (7th Cir. 1998) (defendant is prevailing party where summary judgment is granted in its favor, even though an appeal is pending).

5. Similarly, there is no credible argument that the Vermilion County engaged in misconduct of any sort, let alone of the sort sufficient to justify denying costs. Likewise, there is

no evidence that Plaintiff is "unable to pay." If anything, there is affirmative evidence that Plaintiff *is* able to pay, because she settled her claims against the Crosspoint Defendants. *See* Text Order, 03/03/25.

6. The type of costs recoverable by a prevailing party is set forth by federal statute. Specifically, 28 U.S.C. § 1920 provides that the following items can properly be taxed as costs: (1) fees of the clerk and marshal; (2) court reporting fees for deposition transcripts necessarily obtained for use in the case; (3) printing fees; (4) witness fees where the witness' testimony was reasonably necessary to the case; (5) fees to exemplify documents and fees to print copies of documents necessary for use in the case; (6) docket fees; and (7) compensation for court-appointed experts and interpreters. *See, e.g.,* N*ilssen v. Osram Sylvania, Inc.*, 2007 U.S. Dist. LEXIS 5792 (N.D. Ill. Jan. 23, 2007).

**TRANSCRIPTS OBTAINED FOR USE**

7. In September 2007 the Judicial Conference increased the recoverable costs of original transcript rates to $3.65 per page and the copy transcript rate to $.90 per page for transcripts requested on or after November 1, 2007. *Hall v. City of Chicago,* 2003 U.S. Dist. LEXIS 11220 (N.D. Ill. July 1, 2003). Also*,* court reporter attendance fees ranging anywhere between $16.00 per hour and $68.75 per hour have been found to be reasonable and should be awarded. *See Hall,* 2003 U.S. Dist. LEXIS 11220 at *2. Taking the above into consideration, the following court-reporting fees and deposition transcript costs were reasonably incurred by Defendants in this case:

| DEPONENT | DEFENDANT/S EXPENSE | DATE | TYPE | PGS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| A.E. Daniel, MD | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 04.04.24 | Original | 89 | $3.60/page<br><br>Exhibit Handling: $30 | $350.40 |
| Donald Leach | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 03.22.24 | Original | 83 | $2.78/page<br><br>Exhibit Handling: $30 | $260.74 |
| Dr. Marcus R. Patterson | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 01.17.24 | Original | 174 | Transcript Services: $783.00<br><br>Exhibits Cost: 75.60<br><br>Logistics, Processing, & Electronic Files: $126.00<br><br>(Less credit of $75.60) | $888.90 |
| Stacy Sinner | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 01.29.24 | Original | 169 | 146 @ $3.85/page<br><br>Exhibits 23 pages @ $0.35/page<br><br>Appearance Daily Fee @ $75.00 | $645.15 |
| Hillary Williamson | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 10.09.23 | Original | 49 | $3.65/page<br><br>2 Hours Attendance: $40/hour | $258.85 |

| Shauna Carey | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 08.23.23 | Original | 87 | $3.65/page<br><br>2 Hours Attendance: $40/hour | $397.55 |
|---|---|---|---|---|---|---|
| Michelle Nelson | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 09.20.23 | Original | 146 | $3.50/page<br><br>Exhibits Copy $0.40/page | $511.40 |
| Shelly Harding | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 08.17.23 | Original | 88 | $3.50/page<br><br>6 copies @ $0.40/copy | $310.40 |
| Michael Hartshorn | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 08.17.23 | Original | 29 | $3.50/page | $101.50 |
| Toi Lewis | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 08.15.23 | Original | 75 | $3.75/page<br><br>Daily Appearance Fee @ $75/hour | $356.25 |
| Patrick Hartshorn | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 08.09.23 | Original | 93 | $3.50/page | $325.50 |
| Ashley Dolby | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 06.22.23 | Original | 89 | $3.65/page<br><br>3 Hours Attendance @ $40/hour | $444.85 |
| James Dewey | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 07.21.23 | Original | 201 | $3.50/page<br><br>Exhibit Handling: $30 | $733.50 |
| Karl Harris | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 07.19.23 | Original | 54 | $3.50/page | $189.00 |
| Tracy Accord | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 07.19.23 | Original | 54 | $3.50/page<br><br>3 copies @ $0.40/copy | $379.20 |

| Kevin Maskel | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 07.13.23 | Original | 98 | $3.50/page<br><br>5 copies @ $0.40/copy | $345.00 |
|---|---|---|---|---|---|---|
| Colin Osterbur | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 07.12.23 | Original | 127 | $3.50/page<br><br>12 copies @ $0.40/copy | $449.30 |
| Barbara Harbacek | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 06.27.23 | Original | 186 | $3.50/page | $651.00 |
| Owen Mariage-Tucker | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 06.21.23 | Original | 47 | $3.50/page<br><br>Exhibit Handling: $30 | $194.50 |
| Dylan Vice | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 06.21.23 | Original | 57 | $3.50/page<br><br>Exhibit Handling: $30 | $229.50 |
| Harold Heaton | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 06.20.23 | Original | 199 | $3.50/page<br><br>Exhibit Handling: $30 | $726.50 |
| Deea Miller | Vermillion County Jail, Colin Osterbur, Barbara Harbacek | 05.40.23 | Original | 118 | $3.65/page<br><br>2.5 Hours Attendance @ $40/hour | $530.70 |
| **TOTAL** | | | | | | **$9279.69** |

8.  A copy of the billing statements for the aforementioned costs are attached hereto as Exhibit A.

## COPYING COSTS

9.  Defendants are also entitled to printing costs for copies of documents necessary for use in the case. To recover copy costs, the prevailing parties are "not required to submit a bill of costs." *Northbrook Excess & Surplus Inc. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643

6

(7th Cir. 1991). Instead, they must "provide the best breakdown obtainable from retained records." *Id*. Copy fees between $.10 and $.20 per page are reasonable. *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003).

10.  The following costs were necessary for copies of papers necessarily obtained for use, produced to Defendants, or filed with the Court in this case:

| Photocopies | Date | Amount |
|---|---|---|
| Subpoenaed records from OSF Sacred Heart Medical Center | 10/28/22 | $31.56 |
| Subpoenaed records from OSF Sacred Heart Medical Center radiology | 11/01/22 | $32.59 |
| Subpoenaed records from OSF Sacred Heart Medical Center billing | 11/01/22 | $38.01 |
| Subpoenaed records from OSF Sacred Heart Medical Center | 11/15/22 | $306.39 |
| Subpoenaed records from Carle Foundation Hospital—Ciox Health | 07/26/23 | $208.22 |
| Healthmark Group, LCC— Subpoenaed records from Christie Clinic | 07/28/23 | $429.33 |
| Subpoenaed records from Carle billing office—Ciox Health | 08/31/23 | $78.44 |
| **TOTAL** | | **$1124.54** |

11.  A copy of the expense report for the in-house photocopies is attached hereto as Exhibit B.

### WITNESS FEES

12.  Pursuant to § 1920(3), prevailing parties may recover witness fees. The statutory limit for payment to a deponent is $40.00 per day plus reasonable travel and subsistence expenses. 28 U.S.C. § 1821(b), (c). Furthermore, it is reasonable for a party to expect to recover expert witness fees from the opposing party for the time an expert spent both preparing for and attending the deposition conducted by the opposing party. *Se-Kure Controls, Inc. v. Vanguard Prods. Group,* 873 F. Supp. 2d 939, 950 (N.D. Ill. 2012). The Vermilion County Sheriff's Office, Colin Osterbur, and Barbara Harbacek deposed Shawna Carey on August 23, 2023, and request

7

$87.16 for the same. The Defendants deposed Hillary Williamson on October 9, 2023, and request $66.86 for the same. The documentation supporting same is attached hereto as Exhibit C. Defendants also deposed Plaintiff's expert Stacy Sinner on January 29, 2024, and request $1,718.75, which includes Sinner's reasonable time spent preparing for and attending the deposition. The documentation supporting same is attached hereto as Exhibit D.

13. The cost to find and serve the witness Hillary Williamson in this matter involved hiring the Champaign County Sheriff's Office to serve witness Hillary Williamson in Illinois for $52.00. The documentation supporting same is attached hereto at Exhibit E.

14. As the accompanying United States District Court Bill of Costs shows, the total amount Defendants seek in costs is **$12,329.00**.

15. The services paid for during the duration of this action were paid to companies in the Chicago, Champaign, and Itasca areas and are used by many law firms conducting business in and around the area.

WHEREFORE, the Defendants respectfully request that the Clerk of the Court tax PLAINTIFF DEEA MILLER the sum of the costs listed above which were reasonably incurred during the pendency of this litigation.

Respectfully submitted,

/s/ **G. David Mathues**
G. DAVID MATHUES, #06293314
KALEAH M. AULT, #06332424
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774   F: 630-773-4851
dmathues@hcbattorneys.com
kault@hcbattorneys.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEEA MILLER, Individually and as Independent Administrator of the Estate of KACEY MILLER, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 22-cv-2029 |
| vs. ) ) | Judge Colleen R. Lawless |
| VERMILION COUNTY SHERIFF'S OFFICE, et al., ) ) ) | Magistrate Judge Karen L. McNaught |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 28, 20025**, I electronically filed the foregoing *Defendants' Memorandum in Support of Their Bill of Costs* with the Clerk of the District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system, which will send notification to the following CM/ECF participants:

**TO:**   Sam A. Harton
Romanucci & Blandin, LLC
321 N. Clark St., Ste. 900
Chicago, IL  60654
sharton@rblaw.net

Respectfully submitted,

/s/ **G. David Mathues**
G. DAVID MATHUES, #06293314
KALEAH M. AULT, #06332424
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774   F: 630-773-4851
dmathues@hcbattorneys.com
kault@hcbattorneys.com